## SHANNON v. STUBBLEFIELD. (No. 1347.)

(Court of Civil Appeals of Texas. El Paso. June 1, 1922. Rehearing Denied June 28, 1922.)

Attorney and client ⬥117—Where defendant made separate settlement with plaintiff and his attorney having a contingent interest, plaintiff could not recover from attorney excess received over fee based on amount paid plaintiff.

Where defendant made settlement with plaintiff with knowledge that plaintiff's attorney had a contingent fee interest in the subject-matter of the suit, and subsequently made a settlement with the attorney giving the attorney an amount in excess of what his interest would have been on the basis of the amount given plaintiff pursuant to such settlement, the plaintiff could not recover from the attorney the amount received in excess of his fee based on the amount received by plaintiff on the theory that as an attorney he was under no obligation to account for and pay to the plaintiff as his client all moneys collected, less his fee or commission agreed upon.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by J. P. Shannon against J. R. Stubblefield. Judgment for defendant, and plaintiff appeals. Affirmed.

Gilvie Hubbard and Shepherd & Kelly, all of Eastland, for appellant.

J. R. Stubblefield, of Eastland, for appellee.

WALTHALL, J. J. P. Shannon brought this suit against J. R. Stubblefield to recover the sum of $3,000, alleging that said amount was due him from Stubblefield on a settlement of a litigation in a suit in which Shannon was claiming an interest adverse to Balentine and others in what was known as the Pleasant Grove Church lot in Eastland county, and in which litigation Claud McCauley and Stubblefield represented Shannon as attorneys.

The instant suit was tried without a jury, and resulted in a judgment in favor of Stubblefield, from which judgment Shannon prosecutes this appeal.

The only question presented is the sufficiency of the evidence to support the judgment. The trial court did not file findings of fact.

The following facts pertinent to the inquiry here seem to be justified by the evidence:

J. P. Shannon claimed an interest in certain lands, or the oil production therefrom, adverse to the claim or claims of others, among them a Mr. Balentine. To represent him and his interest Shannon employed Claud McCauley as his attorney and agreed to give McCauley, as compensation for his services, a contingent fee of one-half of the amount that could be realized out of it. McCauley, apparently with the consent of Shannon, employed Stubblefield as an attorney in the Shannon matters, agreeing to give Stubblefield one-fourth of the amount that might be realized. Suits were filed in the name of appellant against the adverse claimants. Thereafter, and apparently with the consent of Shannon, McCauley withdrew from the litigation, which was subsequently handled by Stubblefield. Later, and while the litigation was pending, McCauley advised Shannon that whatever interest he had in the contract of employment he would assign to Stubblefield. Shannon testified:

"I think Claud McCauley had told me that whatever interest he had in that contract he would assign to you [Stubblefield]. The trade that I had made with McCauley was that I was

to give him half of what he could realize out of it. I never made any trade with you [Stubblefield] myself, and I never paid McCauley anything. * * * Afterwards he [McCauley] told me that whatever interest he had in it he had turned over to you after he had given it to me."

Stubblefield testified that McCauley had employed him in the case to represent Shannon; that he had filed the suit against the parties claiming adverse interests to Shannon; that he (Stubblefield) should have a one-fourth interest in the amount that should be recovered in the litigation; and that later McCauley had in a letter to him given him his (McCauley's) interests. The whole controversy here grows out of the settlement Shannon and Stubblefield had with Balentine as to Balentine's interest in the subject-matter of the suit. Balentine went to San Antonio, where Shannon lived, and there made a settlement with Shannon. Shannon sent a telegram to Stubblefield substantially as follows:

"What will I owe you if settlement is made here with Balentine interests only? Wire immediately."

To this telegram Stubblefield made no reply to Shannon by wire. Without further advice or consultation with Stubblefield Shannon settled his interests with Balentine as to Shannon's interests in the suit for $6,000 in money and 1,000 shares of stock of the Ranger Oil & Gas Company. The value of the shares of stock is not shown in the evidence. At the time of the Balentine settlement with Shannon, Balentine knew that Stubblefield had a contingent fee interest in the subject-matter of the suit, and his settlement with Shannon did not include the Stubblefield interest. Later Balentine settled with Stubblefield for his interest for the sum of $6,000.

The suit is brought by Shannon to recover from Stubblefield $3,000 of the $6,000 paid by Balentine to Stubblefield in such settlement. The evidence contains much correspondence between Shannon and Stubblefield, and much of the facts having to do with the collection and distribution of large sums of money, amounting in the aggregate to something like $22,000, growing out of the subject-matter of the Shannon suit with the adverse interests, but we think a further statement of the evidence or facts would throw no light upon the issues presented in this suit. Appellant presents but one proposition,

and to the effect that an attorney at law is under obligation to account for and pay to his client all moneys collected for or in behalf of his client, less his fees or commissions agreed upon, and that the court was in error in not rendering the judgment for appellant for the amount shown to have been collected by Stubblefield from Balentine on the Stubblefield interest and not accounted for or paid by Stubblefield to Shannon.

The above facts, we think, are sustained by the evidence, and entitle Stubblefield to the sum recovered or realized by compromise in the settlement of his interest of the Balentine interest in the subject-matter of the suit.

Shannon was willing to accept and for himself did accept from Balentine the value of his interest in the Balentine claim to the matters in controversy in the suit, and then claimed and now claims that he made a good settlement of his interest with Balentine. It seems to us that Shannon would not be interested in the amount paid by Balentine to Stubblefield for Stubblefield's interest. Stubblefield is not here claiming any part of the amount paid by Balentine to Shannon.

We think what we have said above is sustained by the holding in St. Louis, S. F. & T. Ry. Co. v. Thomas et al. (Tex. Civ. App.) 167 S. W. 784, and the cases there referred to, as far as the facts there stated are applicable to the facts of this case. As said in the above case: Thomas could settle only his one-half interest, and interveners' right of recovery was not limited to, and they were not compelled to accept, one-half of the amount for which Thomas settled his interest.

We are not advised by the record as to the value of the Balentine interest in the subject-matter of the original suit, nor of his interest that might have been recovered. But, where Balentine and Stubblefield agreed on the compensation to be paid to Stubblefield for his interest, whether based on a one-fourth or one-half interest seems immaterial. The record, however, does not show on what basis of interest the settlement was made. If Stubblefield was here claiming an interest in the amount paid Shannon, and he had received no compensation for his interest, we think a different question might be presented. But we see no reason why each could not, severally, settle his own interest by compromise, and each be bound by the settlement he has made for himself.

Finding no reversible error, the case is affirmed.